Grant C. Jaquith
Acting United States Attorney

Lucy Weilbrenner
Bar Roll No. 700451
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of General Counsel
15 New Sudbury St.—Room 625
Boston, MA 02203
(617) 565-2366
Lucy.Weilbrenner@ssa.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------X
CAROLYN FLOOD,                :
                Plaintiff,   :    Civil Action
                             :    No.: 18-01275
                             :
       v.                    :
                             :
NANCY A. BERRYHILL,           :
Acting Commissioner of Social Security, :
                Defendant.   :
------------------------------X

## STIPULATION[1] FOR ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

Plaintiff, Carolyn Flood, brought this action for review of the decision of the Commissioner of Social Security (the Commissioner) that she was not entitled to Disability Insurance Benefits (DIB), and was only entitled to Supplemental Security Income (SSI) benefits beginning on September 11, 2017. The Commissioner requests remand of this case for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). As shown below, remand is necessary because the Commissioner improperly evaluated the opinion evidence as to plaintiff's mental residual functional capacity (RFC).

---

[1] Plaintiff's counsel stipulated to the terms of the remand via email on April 9, 2019.

**PRIOR PROCEEDINGS**

Plaintiff filed applications for DIB and SSI on February 2, 2017, alleging disability as of September 1, 2005 (Tr. 20, 185-99). Her date last insured for purposes of DIB was December 31, 2016 (Tr. 22). The Agency denied plaintiff's applications at the initial levels of review, and plaintiff requested an administrative hearing (Tr. 87-115, 124-26). After the hearing, an administrative law judge (ALJ), issued a decision, finding that plaintiff became disabled on September 11, 2017, but was not disabled before that date (Tr. 20-29).[2] The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). This action followed.

**ARGUMENT**

**THIS CASE SHOULD BE REMANDED TO THE COMMISSIONER
FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); Shalala v. Shaefer, 509 U.S. 292, 297 (1993). A remand may be ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g) in cases in which the Commissioner has failed to provide a full and fair hearing, make explicit findings, or correctly apply the law and regulations. Melkonyan, 501 U.S. at 101; Rosa v. Callahan, 168 F.3d

---

[2] Since plaintiff's insured status expired on December 31, 2016, the ALJ's decision that she was not disabled before September 11, 2017 rendered her ineligible for DIB. See 20 C.F.R. § 404.131(a) ("To establish a period of disability, *you must have disability insured status* in the quarter in which you become disabled or in a later quarter in which you are disabled") (emphasis added).

72, 82-83 (2d Cir. 1999) (remand is appropriate when further findings would assure proper disposition of a claim).

Remand is appropriate here because the ALJ failed to properly evaluate the opinion evidence as to plaintiff's mental RFC. For the period prior to September 11, 2017, on remand, the ALJ will be instructed to further evaluate the opinion evidence from Drs. Hennessey, Stramenga and Udemgba, along with all other evidence of record, and explain the weight afforded to the opinions. The ALJ will also be directed to further evaluate the claimant's mental impairments and RFC. Further, if warranted by the expanded record, the ALJ will be directed to obtain supplemental vocational expert testimony.

## CONCLUSION

This case should be remanded to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

DATED: April 11, 2019

                                  Respectfully submitted,
                                  GRANT C. JAQUITH
                                  Acting United States Attorney
                                  Northern District of New York
                                  Attorney for Defendant

                  By:    <u>s/ Lucy Weilbrenner</u>
                            Lucy Weilbrenner
                            Special Assistant United States Attorney

Grant C. Jaquith
Acting United States Attorney

Lucy Weilbrenner
Bar Roll No. 700451
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of General Counsel
15 New Sudbury St.—Room 625
Boston, MA 02203
(617) 565-2366
Lucy.Weilbrenner@ssa.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CAROLYN FLOOD,                              :
                Plaintiff,     :    Civil Action
                                 :    No.: 18-01275
                                 :
      v.                               :
                                 :
NANCY A. BERRYHILL,                         :
Acting Commissioner of Social Security,     :
                Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER**

      This matter is before the Court on the parties' stipulation to remand of this case for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

      It is hereby ORDERED that this case should be remanded for further administrative proceedings under 42 U.S.C. § 405(g). Specifically, for the period prior to September 11, 2017, the administrative law judge ("ALJ") on remand will be instructed to further evaluate the opinion evidence from Drs. Hennessey, Stramenga and Udemgba, along with all other evidence of record, and explain the weight afforded to the opinions. The ALJ will also be directed to further evaluate the claimant's mental impairments and RFC. Further, if warranted by the expanded record, the ALJ will be directed to obtain supplemental vocational expert testimony.

Dated: April 12, 2019

David E. Peebles
U.S. Magistrate Judge